**In the Matter of Stephen L. ESLINGER, Respondent.**

**No. 71S00–0807–DI–414.**

Supreme Court of Indiana.

June 12, 2009.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** In March 2006, a client ("Client") hired Respondent to file suit asserting claims concerning Client's purchase of 12 rental houses. The fee agreement called for an hourly rate of $75, plus 50% of any recovery ("Primary Fee Calculation"). If Client fired Respondent or abandoned the suit, the fee would instead be $225 per hour without any contingent recovery ("Alternative Fee Calculation"). Without Client's knowledge, part of the work was done by an attorney not in the same firm as Respondent for $75 per hour.

On June 1, 2006, the defendants made a settlement offer. Client rejected the offer

and fired Respondent due to the amount of fees Respondent claimed based on the offer using the Primary Fee Calculation. Respondent then sent Client a bill for over $43,500 based on $225 per attorney hour under the Alternative Fee Calculation. Of the approximately 180 hours of attorney time represented by this bill, 26.4 hours were for work by the other attorney, for which he was to be paid $75.

**Violations:** The parties agree Respondent violated Professional Conduct Rule 1.5(a) (charging an unreasonable fee) by: (1) under the circumstances of this case, making an agreement to charge Client a 50% contingency fee in addition to an hourly fee; and (2) charging Client $225 per hour for time worked by the other attorney for $75 per hour. The parties agree Respondent violated Professional Conduct Rule 1.5(e) by failing to obtain Client's consent to pay another attorney, who was not a member of Respondent's firm, for working on the case.

**Discipline:** The parties agree the appropriate sanction is public reprimand. The sanction the Court would impose for Respondent's misconduct would likely be more severe had this matter been submitted without an agreement. However, in light of the Court's desire to foster agreed resolutions of lawyer disciplinary cases, the Court now APPROVES and ORDERS the agreed discipline. For Respondent's professional misconduct, the Court imposes **a public reprimand.**

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, any hearing officer appointed in this case is discharged.

All Justices concur.